IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PAUL BRUYEA | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. __23-766 T__ |
| | ) |
| | ) |
| THE UNITED STATES | ) Filed Electronically |
| | ) |

## COMPLAINT

1.  Plaintiff, Paul Bruyea is a married individual but did not file a joint return and is therefore the sole party to this action.  Plaintiff currently resides at Siam Ocean View 301.345/62 Moo 12 Nongprue Banglamung Chonburi, Thailand.  The last four digits of Plaintiff's social security number are 1701.

2.  Defendant is the United States of America.

3.  This is an action for recovery of federal income tax founded upon the Internal Revenue Code of 1986 and the United States – Canada Convention with Respect to Taxes on Income and on Capital (the "Canada Tax Treaty") and this Court has jurisdiction by reason of 28 U.S.C. § 1491(a)(1).

4.  Recovery is sought of federal income tax for the taxable year ended December 31, 2015.

<u>2015 Tax Filings</u>

5.  On June 8, 2016, Plaintiff filed a timely federal income return for the year 2015 with the Internal Revenue Service Center in Charlotte, North Carolina.  Exhibit A (redacted version).

6.  On Plaintiff's 2015 tax return, Plaintiff reported a long-term capital gain of $7,074,236 from the disposition of certain real property located in Alberta, Canada.  After reporting certain other gains and losses on his 2015 tax return, Plaintiff reported net long-term capital gains of $7,010,078.

7.      Plaintiff also reported on his 2015 tax return interest income of $648, dividend income of $1,600 and rental real estate income of $47,497.

8.      Plaintiff incurred a regular tax liability of $1,398,683 on the income and gains set forth in paragraphs 6 and 7, *supra*.

9.      On a Form 8960 (Net Investment Income Tax – Individuals, Estates, and Trusts), Plaintiff reported a total of $7,059,823 of investment income consisting of the income set forth in paragraphs 6 and 7, *supra*, of which $6,934,823 was above a $125,000 net investment income tax threshold (the "NIIT Threshold") for married individuals filing separate returns.  Plaintiff duly reported $263,523 of net investment income tax  (the "NIIT") which equals 3.8% of Plaintiff's net investment income above the NIIT Threshold.

10.     In 2015, Plaintiff was a resident of British Columbia, Canada.  Plaintiff incurred both Canadian federal and British Columbia provincial income tax (together, the "Canadian Tax") on his income.  Plaintiff paid a total of Cdn$2,498,098.40 of Canadian Tax for the 2015 calendar year (equivalent of U.S.$1,953,513), of which Plaintiff claimed a foreign tax credit of $1,398,683 to offset the regular U.S. tax liability set forth in paragraph 8, *supra*.  The remaining $554,942 of Canadian Tax, plus a carryover of $96,443 of Canadian Tax from earlier years (together, the "Excess Credits"), did not offset any other U.S. regular income tax on Plaintiff's original 2015 tax return.

11.     On Plaintiff's original 2015 tax return, Plaintiff also did not claim a foreign tax credit to offset the NIIT.

12.     On November 7, 2016, Plaintiff filed an amended tax return (Form 1040X) with the Internal Revenue Service Center in Austin, Texas, claiming a refund of $263,523 by virtue of a foreign tax credit that offsets the NIIT and using a portion of the Excess Credits.  Exhibit B

(redacted version). The foreign tax credit claim is based on the provisions of Article XXIV of the Canada Tax Treaty which allows for a treaty based foreign tax credit even when such a foreign tax credit is not otherwise allowed under U.S. statutory foreign tax credit provisions.

13. The Internal Revenue Service (the "IRS") selected the Plaintiff's Form 1040X for examination. On July 13, 2018, the IRS concluded its examination of the 2015 Form 1040X, accepting that sufficient foreign tax credits existed to offset the NIIT. The IRS examination unit nonetheless proposed a full disallowance of the requested refund, asserting that the Canada Tax Treaty did not provide an independent basis for a foreign tax credit to offset the NIIT and that such a foreign tax credit is not allowed under U.S. statutory foreign tax credit rules.

14. Plaintiff administratively appealed the IRS examination unit's denial of the requested refund to the IRS Appeals Office (the "Appeals Office") by submitting a formal protest dated August 16, 2018 (the "Protest"). On October 1, 2018, the Appeals Office submitted a response disagreeing with the position taken in the Protest. Plaintiff replied to the Appeals Office on November 12, 2018 maintaining that a treaty-based foreign tax credit is available. The Appeals Office responded on February 11, 2019, again disagreeing with Plaintiff's position. On February 14, 2019, Plaintiff had a formal Appeals Conference with IRS Appeals Agent Lance Rodrigues ("Mr. Rodrigues").

15. On February 25, 2019, Plaintiff invoked the "Simultaneous Appeal Procedure" pursuant to which he sought the opinions of the U.S. and the Canadian competent authorities to resolve a situation in which double taxation is present (*i.e.* Canadian income tax and U.S. NIIT on the same items of income and gain with no foreign tax credit offset available). On August 16, 2019, Mr. Rodrigues wrote to Plaintiff to confirm that the case was "in suspense, as we (Appeals) are waiting on response from [the Treaty Assistance and Interpretation Team]". On April 19, 2023,

IRS Appeals Agent Edwin Jhun, who took over the case from Mr. Rodrigues, wrote to Plaintiff and indicated that the matter was still pending with no formal decision being taken between the U.S. and Canadian competent authority representatives.

Competent Authority Proceedings

16. As indicated above, Plaintiff invoked a competent authority procedure with the IRS in accordance with the formal requirements contained in Rev. Proc. 2015-40.  Such a competent authority request accords with the "mutual agreement procedures" contained in Article XXVI(1) of the Canada Tax Treaty.  A copy of the submissions to the U.S. and Canadian competent authorities was also sent to the Appeals Office.

17. On March 5, 2019, Plaintiff contacted the Canadian competent authority to request its assistance in resolving the issue of whether a foreign tax credit should be allowed under the terms of the Canada Tax Treaty to offset the NIIT levied against the Plaintiff.

18. In the submission to the Canadian competent authority, Plaintiff claimed:

   a. The NIIT is a tax covered under Article II of the Canada Tax Treaty.

   b. One of the principal purposes of the Canada Tax Treaty is to eliminate double taxation, which is precisely what is occurring in this case.

   c. Article XXIV(1) of the Canada Tax Treaty provides an independent basis for a credit against the NIIT.

   d. Article XXIV(4)(b) provides an independent basis for a credit against the NIIT.

   e. The Canada Tax Treaty provides independent foreign tax credits to Canadian resident US citizens, such as Plaintiff, which do not exist under U.S. statutory law.

19. Based on information and belief, Plaintiff understands that the Canadian tax authorities agree with Plaintiff's position that the NIIT is a tax covered under the terms of the Canada Tax

Treaty, that Article XXIV of the Canada Tax Treaty provides an independent basis for a foreign tax credit, that the IRS's position results in impermissible double taxation and, therefore, that the United States should allow Plaintiff a foreign tax credit in these circumstances.

20. Having failed to secure relief from double taxation through a refund claim, an examination, an administrative appeal, and a country-to-country discussion, Plaintiff now brings this refund suit.

21. For the reasons stated above, Plaintiff asserts that he is entitled to a refund of the NIIT that he paid in the amount of $263,523 for the 2015 tax year.

WHEREFORE, Plaintiff demands judgment in the amount of $263,523.00 for the 2015 tax year, plus interest and costs allowed by law, and such other relief as the Court may deem just and appropriate.

Respectfully submitted

s/ Stuart E Horwich_____
Stuart E Horwich
Horwich Law LLP
20 Old Bailey, 5th Floor
London, EC4M 7AN, United Kingdom
011 44 208 057 8013 (phone)
302 861 1411 (fax)
seh@horwichlaw.com
Counsel for Plaintiffs

s/ Max Reed_____
Max Reed
Polaris Tax Counsel
1788 West Broadway, Suite 900
Vancouver, British Columbia
BC V6J 1Y1  Canada
(604) 283 9301
max@polaristax.com
Of Counsel

Dated:  May 25, 2023