IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PAUL BRUYEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-766 T |
| | ) |
| | ) Judge Matthew H. Solomson |
| THE UNITED STATES, | ) |
| | ) Filed Electronically |
| | ) |
| Defendant | ) |

**MOTION TO TRANSFER THE CASE**

Pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims, Plaintiff, Paul Bruyea, by and through his counsel of record, respectfully requests the Court to transfer the instant case to Judge Marian Blank Horn for the reasons set forth below:

1. This case is a tax refund suit in which the Plaintiff is requesting a refund of net investment income tax (the "NIIT" – section 1411 of the Internal Revenue Code of 1986 – 26 U.S.C.) that he paid. Plaintiff's claim is made on the grounds that under the terms of the current income tax treaty between the United States and Canada, he is entitled to offset the amount of NIIT paid using available foreign tax credits (a "treaty based foreign tax credit").

2. This Court has not yet ruled on whether a treaty based foreign tax credit is allowed to offset the NIIT.

3. The plaintiffs in *Christensen v. United States*, 20-935 T, which is assigned to Judge Horn, brought a tax refund suit on the identical issue of whether a treaty based foreign tax credit is allowed to offset the NIIT. Counsel for the plaintiffs and the defendant in *Christensen* are the same as those in the instant case.

4. Two differences exist between the instant case and the *Christensen* case (although Plaintiff does not believe that the differences are significant):

    a. The *Bruyea* case involves the interpretation of the income tax treaty between the United States and Canada while the *Christensen* involves the interpretation of the income tax treaty between the United States and France. Notwithstanding subtle textual differences in these two treaties, Plaintiff notes that it is the Internal Revenue Service's position that both treaties follow language substantially identical to that contained in the so-called United States model treaties and that a treaty based foreign tax credit is not allowed in this circumstance. *See* Treasury Decision 9644, 78 FR 72393-72449 (2013).

    b. Because the instant case has involved a mutual agreement procedure between the United States and Canadian competent authorities, the Canadian government's position will form part of the record in this case. The Canadian government's position agrees with the Plaintiff that a treaty based foreign tax credit should be allowed.

5. The *Christensen* case has been thoroughly briefed by both parties, oral argument has been held on the motions and supplemental briefing has been requested and provided to the Court. Plaintiff is not aware of any further action required by the parties before a decision will be rendered on the merits of whether a treaty based foreign tax credit is allowed. Thus, Plaintiff believes that the efficient administration of justice would be well served by the transfer of this case to Judge Horn.

6. Counsel for the Plaintiff discussed the relief sought by this motion with counsel for the United States who has indicated that the United States opposes the requested transfer.

7. A copy of this Motion to Transfer is being filed (as a Notice) in the *Christensen* case to inform all participants of the existence of this Motion.

WHEREFORE, the Plaintiff requests that the instant case be reassigned to Judge Horn for the efficient administration of justice for the reasons set forth above.

    Respectfully submitted

    s/ Stuart E Horwich_____
    Stuart E Horwich
    Horwich Law LLP
    20 Old Bailey, 5th Floor
    London, EC4M 7AN, United Kingdom
    011 44 208 057 8013 (phone)
    302 861 1411 (fax)
    seh@horwichlaw.com
    Counsel for Plaintiffs

    s/ Max Reed_____
    Max Reed
    Polaris Tax Counsel
    1788 West Broadway, Suite 900
    Vancouver, British Columbia
    BC V6J 1Y1  Canada
    (604) 283 9301
    max@polaristax.com

Dated:  June 6, 2023    Of Counsel