IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 23-766-T

(Judge Matthew H. Solomson)

PAUL BRUYEA

                  Plaintiff,

v.

UNITED STATES,

                  Defendant.

**DEFENDANT'S RESPONSE TO MOTION TO TRANSFER CASE**

Defendant files this response to plaintiff's motion to transfer this case from Judge Matthew H. Solomson to Judge Marian Blank Horn:

The Rules of the Court of Federal Claims provide generally for the assignment of a new complaint "to a judge at random." RCFC 40.1(a). The Rules further provide that the "assigned judge . . . may order the transfer of all or any part of a case to another judge upon the agreement of both judges" to "promote docket efficiency," to "conform to the requirements of any case management plan," or "for the efficient administration of justice." RCFC 40.1(b).

None of the three purposes for which RCFC 40.1 authorizes the reassignment of a case from one judge to another is present here. This case is not subject to any case management plan. Nor would the transfer of the case "promote docket efficiency" or further the "efficient administration of justice."

The *Christensen* case that is now pending before Judge Horn is nearing a conclusion, and this case is at its infancy. The two cases involve different taxpayers and different tax treaties. No significant coordination between the two cases would be necessary to resolve either of them.

Plaintiff suggests that a transfer of the case to Judge Horn would serve the efficient administration of justice because the two cases share a common legal issue, namely, "whether a treaty based foreign tax credit is allowed to offset the" net investment income tax. But different judges in this Court commonly resolve similar legal issues brought in separate cases by separate parties. And, even if Judge Horn were to hear both the *Christensen* case and this case, there is no reason to expect any efficiencies to be achieved. If this case were reassigned to Judge Horn, there would be no shortcuts. The parties would need to undertake fact discovery. Dispositive motions would need to be briefed, argued, and decided.

Plaintiff apparently believes that Judge Horn would automatically reach the same result in both cases without carefully considering the facts, the law, and the arguments made by counsel in this case. However, this case involves a different taxpayer than in *Christensen*, with his own unique facts, and a different tax treaty is at issue. Having not yet received administrative files or a defense recommendation from the Internal Revenue Service, defendant's counsel cannot at this time determine whether the result of this case will necessarily track the result of *Christensen*,[1] but the plaintiff raises arguments here that could theoretically lead to different outcomes in the two cases. But even if such potentially distinguishing arguments were not

---

[1] Thus, defendant's counsel cannot now judge the accuracy of the representations made in paragraph 4 of plaintiff's motion to transfer regarding either the language of the U.S.-Canada tax treaty or any position taken by the Canadian government regarding this plaintiff's claim. The Court should not take defendant's silence regarding these representations as acquiescence.

present, there is no reason to believe that a reassignment of this case to Judge Horn would further the efficient administration of justice. This is an entirely new and different case, and Judge Horn would certainly treat it as such.

In opposing plaintiff's motion, defendant is expressing no preference. Rather, defendant simply notes that the random assignment of cases is this Court's usual practice, from which the Court may depart only for very specific reasons. And none of those reasons is present here.

                                                  Respectfully submitted,

June 12, 2023
                                                  */s/ Jason Bergmann*
JASON BERGMANN
Attorney of Record for United States
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425 (tel)
(202) 514-9440 (fax)
jason.bergmann@usdoj.gov

DAVID A. HUBBERT
  Deputy Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
MARY M. ABATE
  Assistant Chief, Court of Federal Claims Section

      */s/ Mary M. Abate*
Of Counsel