# In the United States Court of Federal Claims

No. 23-766T

(Filed: June 21, 2023)

|  |  |
|---|---|
| **PAUL BRUYEA,** | ) <br> ) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | ) <br> ) |
| **THE UNITED STATES,** | ) <br> ) |
| *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

On May 25, 2023, Plaintiff, Mr. Paul Bruyea, filed his tax refund complaint against Defendant, the United States.  ECF No. 1.  On the same day, this case was randomly assigned to the undersigned judge pursuant to Rule 40.1(a) of the Rules of the United States Court of Federal Claims ("RCFC").  ECF No. 4; *see* RCFC 40.1–40.2.  Plaintiff has filed no notice of directly or indirectly related cases pursuant to RCFC 40.2.

On June 7, 2023, Plaintiff filed a motion to transfer his case to the Honorable Marian Blank Horn of this Court pursuant to RCFC 40.1(b).  ECF No. 9.  Plaintiff argues that his case and *Christensen v. United States*, No. 20-935T (Fed. Cl. filed July 31, 2020) (Horn, J.), present "the identical issue" and involve the same counsel.  *Id.* at 1.  Plaintiff thus asserts a transfer would serve "the efficient administration of justice."  *Id.* at 2.

On June 12, 2023, the government filed its response brief arguing that a transfer of this case to Judge Horn would not improve judicial efficiency.  ECF No. 10 at 2 ("[D]ifferent judges in this Court commonly resolve similar legal issues brought in separate cases by separate parties."); *see, e.g.*, *E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 532 n.5 (2021) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court." (quoting *W. Coast Gen. Corp. v. Dalton*, 39 F.3d 312, 315 (Fed. Cir. 1994))).  On June 20, 2023, Plaintiff filed its reply brief.  ECF No. 11.

As the undersigned previously has explained, there are general principles governing case assignments — reflecting considerations that should play a role in deciding transfer motions, as well:

> Pursuant to the [RCFC], cases are assigned to judges of this Court at random. RCFC 40.1(a). The practice of assigning new cases randomly "is designed to preclude the appearance of 'judge shopping,' which brings with it a host of concerns." *PGBA, LLC v. United States*, No. 03-1986, slip op. at 2 (Fed. Cl. Dec. 2, 2003)[, ECF No. 130] (citing *Knox v. McGinnis*, 1990 WL 103277 (N.D. Ill. July 16, 1990); *In re Charge of Jud[.] Misconduct or Disability*, 196 F.3d 1285 (D.C. Cir. 1999)). In contrast, a case is assigned to a specific judge of this Court when a party believes its case is "directly related" to a previous case decided by that judge. RCFC 40.2(a)(4)(A). Cases are "directly related" when they "involve the same parties and are based on the same or similar claims," or if the cases "involve the same contract, property[,] or patent." RCFC 40.2(a)(2). In such situations, a party must file a notice of directly related case(s). RCFC 40.2(a)(1). When a party files such a notice, the Clerk assigns that party's case "to the judge to whom the earliest-filed case is assigned." RCFC 40.4(a)(4)(A). If the judge decides that "the case is not in fact directly related to the earliest-filed case, the judge will return the case to the clerk for random assignment." *Id.*

*ITility, LLC v. United States*, No. 21-2186C, 2021 WL 5611532, at *1 (Fed. Cl. Nov. 30, 2021).[1]

Based on the foregoing, the Court sees no reason whatsoever to transfer this case and hereby **DENIES** Plaintiff's motion to transfer, ECF No. 9.

**IT IS SO ORDERED**.

                                                s/Matthew H. Solomson
                                                Matthew H. Solomson
                                                Judge

---

[1] *See also* RCFC 40.2(b)(1) (indicating parties "may" file notice of indirectly related cases); RCFC 40.2(b)(4) ("[A]ssigned judges . . . determine what action, if any, is appropriate[.]").