IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 23-766 T

(Judge Matthew H. Solomson)

PAUL BRUYEA,

                                    Plaintiff,

v.

UNITED STATES,

                                    Defendant.

**ANSWER**

      Defendant, the United States, files this answer to plaintiffs' Complaint, and denies all allegations that are not expressly admitted below:

      1.     Admits, in response to the first sentence of paragraph 1, that Paul Bruyea is the sole *plaintiff* in this action, but denies that he is "the sole party." Avers that, on the first page of Exhibit A to the Complaint, the box is checked for line 3, "Married filing separately," and the name of a spouse is listed. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Paul Bruyea was "a married individual" on the date the Complaint was filed. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 1. Admits the third sentence of paragraph 1.

      2.     Admits.

3.	Admits that plaintiff seeks "a recovery of federal income tax," but denies that plaintiff is entitled to such relief. States that the allegation that plaintiff's claim is "founded upon the Internal Revenue Code of 1986 and the United States – Canada Convention with Respect to Taxes on Income and on Capital" constitutes legal argument as to which no response is required. Admits that, to the extent that subject matter jurisdiction exists, it is conferred by 28 U.S.C. § 1491(a)(1). Avers that, as of the date of this Answer, defendant has identified no jurisdictional defenses that it intends to raise.

4.	Admits that plaintiff seeks a "[r]ecovery" of "federal income tax for the taxable year ended December 31, 2015," but denies that plaintiff is entitled to such relief.

5.	Admits that plaintiff filed a federal income tax return for the 2015 tax year. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the return was filed "with the Internal Revenue Service Center in Charlotte, North Carolina." Denies that plaintiff filed the return "[o]n June 8, 2016." Avers that an IRS transcript of account for plaintiff's 2015 tax year reflects that the tax return was filed on August 8, 2016. States that the allegation that the return was "timely" constitutes legal argument as to which no response is required. In response to the reference to "Exhibit A (redacted version)," avers that Exhibit A is most likely not identical to the 2015 tax return that plaintiff filed with the Internal Revenue Service, because Exhibit A is unsigned and because taxpayer identification numbers have been redacted from the document.[1]

---

[1] As of the date of this Answer, defendant's counsel has not obtained the original 2015 tax return that plaintiff filed with the Internal Revenue Service, and defendant therefore lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit A to the Complaint. As of the date of this answer, defendant's counsel has no reason to believe that

6. Admits that the first page of Exhibit A, line 13, reports a "Capital gain or (loss)" of $7,010,078" – a sum that also appears on Exhibit A, page 5, Schedule D, line 15, "Net long-term capital gain or (loss)." Avers that that sum was computed in part from a reported "Gain from Form 4797, Part 1; long-term gain from Forms 2439 and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824" in the amount of $7,074,236 (Schedule D, line 12). Avers further that the amount of $7,074,236 was also reported on page 16 of Exhibit A, line 7 (Form 4797, "Sale of Business Property"). States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the amount relates to "the disposition of certain real property located in Alberta, Canada."

7. Admits that the first page of Exhibit A, line 8a, reports "Taxable Interest" of $648. Admits that the first page of Exhibit A, line 9a, reports "Ordinary Dividends" of $1,600. Admits that the first page of Exhibit A, line 17, reports "Rental real estate, royalties, partnerships, S corporations, trusts, etc." of $47,497.

8. Admits that the second page of Exhibit A, line 44, reports "Tax" of $1,398,683. Avers that, on the second page of Exhibit A, that sum was computed from line 43, "Taxable Income," reported in the amount of $7,052,273. Avers further that the reported "Taxable Income" on line 43 was computed by subtracting line 40, "Itemized Deductions" from line 38, "Adjusted Gross Income." Denies plaintiff's allegation that the reported "regular tax liability of $1,398,683" was "incurred . . . on the income and gains set forth in paragraphs 6 and 7," because

---

Exhibit A differs in any way substantively from the original tax return that plaintiff filed with the Service, except for the fact that Exhibit A is unsigned and that taxpayer identification numbers have been redacted from Exhibit A.

the allegation neglects to refer to the application of Itemized Deductions to the reported Adjusted Gross Income.

9. Admits that page 28 of Exhibit A constitutes a Form 8960, "Net Investment Income Tax – Individuals, Estates, and Trusts," for the 2015 tax year. Avers that line 8 of the Form reports "Total Investment Income" of $7,059,823." Avers further that line 8 is comprised of the reported sums of $648 (line 1, "Taxable Interest"), $1,600 (line 2, "Ordinary Dividends"), $47,497 (lines 4a and 4c, "Rental real estate, royalties, partnerships, S corporations, trusts, etc."), and $7,010,078 (lines 5a and 5d, "Net gain or loss from disposition of property"). Avers further that line 17, "Net investment income tax for individuals" reflects the multiplication of 3.8% by $6.934,823 (a sum appearing on line 16), rounded to the nearest dollar. Avers further that the sum appearing on line 16 was computed by subtracting $125,000 (line 14, "Threshold based on filing status") from $7,059,923 (line 13, "Modified adjusted gross income"). Avers further that the "2015 Instructions for Form 8960," published by the Internal Revenue Service, state, for "Line 14—Threshold Based on Filing Status," that the "Threshold Amount" for "Married Filing Separately" was $125,000 for that year.

10. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the first and second sentences of paragraph 10. In response to the third sentence of paragraph 10, states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "[p]laintiff paid a total of Cdn$2,498,098.40 of Canadian Tax for the 2015 Calendar year (equivalent of U.S.$1,953,513)." Denies that plaintiff claimed a foreign tax credit of $1,398,683 to offset the regular U.S. tax liability." Avers that line 48 on the second page of Exhibit A reports a claimed foreign tax credit of $1,398,571, a sum that is also

equivalent to the amount on line 22 of Form 1116, "Foreign Tax Credit" (on page 13 of Exhibit A). In response to the fourth sentence of paragraph 10, states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that there was a "remaining $554,942 of Canadian Tax, plus a carryover of $96,443 of Canadian Tax from earlier years." Avers that, with the exception of a claimed foreign tax credit of $1,398.571 on line 48 on the second page, Exhibit A reports the application of no other foreign tax credits to the reported income tax liabilities.

11. Admits that Exhibit A reports the application of no foreign tax credits to the reported net-investment-income-tax liability of $263,523.

12. Admits that plaintiff filed an amended federal income tax return for the 2015 tax year with the Internal Revenue Service Center in Austin, Texas. Denies that plaintiff filed the return "[o]n November 7, 2016." Avers that the original amended return was signed by a paid preparer with a date of November 8, 2016, and was signed by plaintiff Bruyea with a date of November 10, 2016. Avers further that the original amended return bears stamps reflecting that it was "received" by the Internal Revenue Service on November 25, 2016, having been mailed with a "postmark date" of November 17, 2016. In response to the reference to "Exhibit B (redacted version)," avers that Exhibit B is not identical to the 2015 amended return that plaintiff filed with the Internal Revenue Service, because Exhibit B is unsigned, because taxpayer identification numbers have been redacted from the document, and because Exhibit B may omit certain attachments to the Form 1040X. Admits that the amended return claims an entitlement to a refund of $263,523 and avers that the document speaks for itself as to the grounds for that claim.

States that the characterization of what "Article XXIV of the Canada Tax Treaty . . . allows" constitutes legal argument as to which no response is required.

13. Admits that the Internal Revenue Service performed an examination of plaintiff's amended return. Admits further that, in July of 2018, the IRS proposed a full disallowance of the claim. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Admits that, on August 16, 2018, plaintiff submitted a protest to appeal the proposed disallowance of the claim in the amended return. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15-19. In response to paragraphs 15-19, admits that, on February 25, 2019, plaintiff requested Competent Authority assistance under the Mutual Agreement Procedure article (Article XXVI) of the U.S.-Canada income tax treaty. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 15-19.

20. In response to paragraph 20, admits that – as of the date of this Answer – plaintiff has not obtained the relief he seeks in this case from any administrative or competent-authority process. Avers that the competent-authority process is not yet complete. Denies that plaintiff has been subjected to "double taxation" for which "relief" would be appropriate. Admits that plaintiff "now brings this refund suit," but denies that plaintiff is entitled to any relief.

21. Admits that plaintiff asserts an entitlement "to a refund of the NIIT that he paid in the amount of $263,523 for the 2015 tax year," but denies that plaintiff is entitled to any such relief.

WHEREFORE, defendant prays that plaintiff's Complaint be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as the Court deems meet in the premises.

Respectfully submitted,

October 6, 2023

*/s/ Jason Bergmann*
JASON BERGMANN
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425 (tel)
(202) 514-9440 (fax)
jason.bergmann@usdoj.gov

DAVID A. HUBBERT
  Deputy Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
MARY M. ABATE
    Assistant Chief, Court of Federal Claims Section

*/s/ Mary M. Abate*
Of Counsel