IN THE UNITED STATES COURT OF FEDERAL CLAIMS

———————

No. 23-766-T

(Judge Matthew H. Solomson)

PAUL BRUYEA

Plaintiff,

v.

UNITED STATES,

Defendant.

———————————————————

**JOINT PRELIMINARY STATUS REPORT**

———————————————————

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report:

A.  <u>Jurisdiction</u>. Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1491. Defendant has identified no defects that it intends to raise that affect the Court's jurisdiction over this action.

B.  <u>Consolidation</u>. The parties are unaware of any basis for consolidation of this case.

C.  <u>Bifurcation of trial</u>. This case involves both questions of "liability" (*i.e.,* whether plaintiff is entitled to an allowance of foreign tax credits for his 2015 income tax year) and "damages" (*i.e.,* computation of the effect of any such credits on plaintiff's income-tax liability for 2015). As discussed below, the parties intend to file cross-motions for summary judgment addressing plaintiff's claim that he is entitled to "a treaty based foreign tax credit even when such a foreign tax credit is not allowed under U.S. statutory foreign tax credit provisions."

-1-

(Complaint, ¶ 12.) The parties will confer in an attempt to resolve any computational issues in advance of filing such motions. If the parties are unable to resolve such issues by agreement, then the parties' cross-motions would be for partial summary judgment, and the parties would reserve litigation of any computational issues until after the Court had resolved the cross-motions.

       D.    <u>Deferral, transfer, and related cases</u>. The parties know of no basis for transferring or remanding this case to another tribunal. The Court has already held that *Christensen v. United States*, Fed. Cl. No. 20-935-T, is not indirectly related to this case under RCFC 40.2(b). (Dkt. 12.) The parties know of no other potentially related cases. The parties know of no reason for deferral of proceedings.

       E.    <u>Remand or suspension</u>. Not applicable in this tax-refund action.

       F.    <u>Additional parties</u>. The parties are unaware of any additional parties to be joined.

       G.    <u>Dispositive motions</u>. The parties intend to file cross-motions for summary judgment addressing plaintiff's claim that he is entitled to "a treaty based foreign tax credit even when such a foreign tax credit is not allowed under U.S. statutory foreign tax credit provisions." (Complaint, ¶ 12.) The parties respectfully propose the following briefing schedule for such motions:

| | |
|---|---|
| Plaintiff's Motion: | On or before February 15, 2024 |
| Defendant's Cross-Motion and Response: | On or before March 22, 2024 |
| Plaintiff's Response and Reply | On or before April 12, 2024 |
| Defendant's Reply | On or before May 3, 2024 |

       H.    <u>Issues</u>. The issue in a tax refund case is whether the plaintiffs can establish an overpayment of taxes with respect to the taxable periods before the court. *See Lewis v. Reynolds*,

284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). More specifically, this case involves the following issues:

In his 2015 income-tax year, plaintiff seeks a refund of $263,523 of the net investment income tax (or "NIIT") imposed against him under § 1411 of the Internal Revenue Code. Plaintiff claims that, although the Internal Revenue Code does not allow taxpayers to claim foreign tax credits against the NIIT, Article XXIV of the U.S.-Canada Tax Treaty "allows for a treaty based foreign tax credit even when such a foreign tax credit is not otherwise allowed under U.S. statutory foreign tax credit provisions." (Complaint, ¶ 12.) Defendant disagrees with plaintiff's interpretation of the treaty.

I.      <u>Settlement and ADR</u>. Defendant believes that this case involves legal issues with respect to which the issuance of legal authority would aid tax administration and, accordingly, that this case is not amenable to settlement. The parties do not now believe that ADR would be helpful, but will advise the Court if their views change.

J.      <u>Trial</u>. At this time, the parties do not anticipate that there will be any disputed issues of material fact that will require a trial. Nonetheless, should a trial become necessary, then plaintiff would request that the Court conduct the trial in Washington, D.C.

K.      <u>Special issues regarding electronic case management needs</u>. None.

L.      <u>Other information</u>. The parties have exchanged information informally over the past few weeks.  The parties will serve formal initial disclosures on or before December 8, 2023.

*Christensen v. United States* (discussed above) involved a claim by two married taxpayers that they were entitled to an allowance of foreign tax credits under certain provisions of the U.S.-France tax treaty. In a reported opinion, Judge Horn held that they were.

(*Christensen*, Dkt. 66.). A Federal Circuit appeal is possible; the deadline for noticing such an appeal is December 19, 2023. Both parties will contend in this case that certain aspects of Judge Horn's opinion in *Christensen* were erroneous. Both parties will also contend that, due to differences between the Canada and France treaties, the outcome of this case need not necessarily track the outcome of *Christensen*.

   M.  <u>Proposed discovery plan and case schedule.</u> The parties propose a fact discovery cutoff of June 7, 2024, approximately six months from now. The parties do not believe that expert disclosures and discovery will be necessary. The fact discovery cutoff overlaps with and extends beyond the parties' proposed dispositive motion briefing schedule, to enable the parties to continue to address computational issues if they are unable to resolve them beforehand.

   By "discovery cutoff," the parties mean the date by which responses to written discovery are due and by which depositions of witnesses are to be completed. The parties propose that, if necessary, motions to compel discovery may be filed subsequent to the discovery cutoff, after an appropriate good faith effort to resolve the dispute.

               Respectfully submitted,

November 27, 2023       *<u>s/ Stuart E Horwich</u>*
              STUART E. HORWICH
              Attorney of Record for Plaintiff
              Horwich Law LLP
              20 Old Bailey, 5th Floor
              London, EC4M 7AN, United Kingdom
              011 44 208 057 8013 (phone)
              302 861 1411 (fax)
              seh@horwichlaw.com

*s/ Max Reed*
MAX REED
Of Counsel for Plaintiff
Polaris Tax Counsel
1788 West Broadway, Suite 900
Vancouver, British Columbia
BC V6J 1Y1 Canada
(604) 283 9301
max@polaristax.com

November 27, 2023

*/s/ Jason Bergmann*
JASON BERGMANN
Attorney of Record for United States
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425 (tel)
(202) 514-9440 (fax)
jason.bergmann@usdoj.gov

DAVID A. HUBBERT
  Deputy Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
MARY M. ABATE
  Assistant Chief, Court of Federal Claims Section

*/s/ Mary M. Abate*
 Of Counsel

- 5 -